**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Denise Begg,<br><br>  Plaintiff,<br><br>v.<br><br>New Life Wellness Arizona LLC, et al.,<br><br>  Defendants. | No. CV-24-00990-PHX-DLR<br><br>**ORDER** |

Plaintiff Denise Begg brings this action against her former employer, Defendant New Life Wellness Arizona, LLC ("New Life"), and its owner and a manager Defendant Darcy Emert-Roybal, alleging that they violated federal and state wage laws by failing to properly compensate Begg for all hours worked. Specifically, Begg contends that she did not receive her final paycheck. (Doc. 1.) Defendants failed to appear and respond to the complaint, despite being served. (Docs. 6, 7.) Begg applied for entry of default against Defendants, which the Clerk of the Court entered. (Docs. 8, 9.) Now before the Court is Begg's motion for entry of default judgment (Doc. 10) and motion for attorney fees (Doc. 11), both of which will be granted.

Whether to enter a default judgment is discretionary. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The Court may consider the following factors when deciding whether default judgment is appropriate: (1) the possibility of prejudice to the plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at

stake, (5) the possibility of factual disputes, (6) whether default is due to excusable neglect, and (7) the policy favoring decisions on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In considering the merits and sufficiency of the complaint, the Court accepts as true the complaint's well-pled factual allegations. *See Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). Although the Court should consider and weigh relevant factors as part of the decision-making process, it "is not required to make detailed findings of fact." *Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

These factors favor entry of default judgment. Begg's complaint plausibly alleges that Defendants violated the Fair Labor Standard Act, Arizona's Minimum Wage Statute, and Arizona's Wage Statute by failing to pay her for all hours worked. If default judgment is not granted, Begg "will likely be without other recourse for recovery." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Because Defendants are in default, there are no genuine factual disputes that would preclude granting the motion. *Id.* There is no evidence that Defendants' default was the result of excusable neglect. Begg seeks $2,453.85 against Defendants, jointly and severally, and an additional $795.15 against New Life only, plus post-judgment interest and $4,583.50 in reasonable attorney fees. These amounts are supported by the law (as detailed in Begg's default judgment motion) and substantiated by Begg's affidavit (Doc. 10-1) and the evidentiary attachments to her motion for attorney fees (Docs. 11-1, 11-2, and 11-3). Finally, although cases "should be decided on their merits whenever reasonably possible" *Eitel*, 782 F.2d at 1472, the existence of Federal Rule of Civil Procedure 55(b) "indicates that this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177 (citation omitted). Accordingly,

**IT IS ORDERED** that Begg's motion for default judgment (Doc. 10) is **GRANTED** as follows:

1. Begg is awarded $2,453.85 against Defendants, jointly and severally.
2. Begg is awarded an additional $795.15 against Defendant New Life.

3. Begg is awarded post-judgment interest on the above amounts at a rate of 4.12%.[1]

**IT IS FURTHER ORDERED** that Begg's motion for attorney fees (Doc. 11) is **GRANTED** in the amount of $4,583.50.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment accordingly and terminate this case.

Dated this 5th day of March, 2025.

Douglas L. Rayes
Senior United States District Judge

---

[1] *See* 28 U.S.C. 1961(a) (Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding.).

- 3 -